PROSKAUER ROSE LLP
Howard L. Ganz (HG-8644)
Evandro C. Gigante (EG-7402)
1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900
Email: hganz@proskauer.com
       egigante@proskauer.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ANNETTE SMITH,                                  :
                                                :       08 Civ. 7888 (WHP)(RLE)
                        Plaintiff,              :       **ECF CASE**
                                                :
        against                                 :
                                                :       **ANSWER**
NATIONAL BASKETBALL ASSOCIATION,                :
INC., and BERNARD TOLBERT,                      :
                                                :
                        Defendants.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendants National Basketball Association (the "NBA"), improperly named as National Basketball Association, Inc., and Bernard Tolbert ("Tolbert") (collectively "Defendants"), by and through their attorneys, Proskauer Rose LLP, hereby answer the Complaint as follows:

      1.      Deny the allegations set forth in paragraph 1 of the Complaint, except admit that Plaintiff purports to assert the claims and seek the relief referred to therein, and deny that Plaintiff is entitled to any relief.

      2.      Deny the allegations set forth in paragraph 2 of the Complaint, except admit that Plaintiff purports to base jurisdiction of this action on the Constitutional provision cited therein.

3. Deny the allegations set forth in paragraph 3 of the Complaint, except admit that Plaintiff purports to base venue in the Southern District of New York.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. Admit the allegations set forth in paragraph 6 of the Complaint.

7. Deny the allegations set forth in paragraph 7 of the Complaint.

8. Admit the allegations set forth in paragraph 8 of the Complaint.

9. Deny the allegations set forth in paragraph 9 of the Complaint.

10. Admit that Plaintiff was an employee of the NBA, but deny the remaining allegations set forth in paragraph 10 of the Complaint.

11. Deny the allegations set forth in paragraph 11 of the Complaint, except admit that Defendant NBA operates offices at 645 Fifth Avenue, New York, New York 10022.

12. Deny the allegations set forth in paragraph 12 of the Complaint.

13. Deny the allegations set forth in paragraph 13 of the Complaint, except admit that Tolbert is employed by the NBA as its Senior Vice President, Security.

14. Deny the allegations set forth in paragraph 14 of the Complaint.

15. Admit the allegations set forth in paragraph 15 of the Complaint.

16. Admit the allegations set forth in paragraph 16 of the Complaint, and aver that Plaintiff also previously worked in the Business Affairs Department and the Broadcasting Department.

17. Deny the allegations set forth in paragraph 17 of the Complaint, except admit that Plaintiff was hired as a Secretary and was subsequently promoted to Staff Assistant and Coordinator.

18. Deny the allegations set forth in paragraph 18 of the Complaint.

19. Deny the allegations set forth in paragraph 19 of the Complaint.

20. Deny the allegations set forth in paragraph 20 of the Complaint.

21. Deny the allegations set forth in paragraph 21 of the Complaint.

22. Deny the allegations set forth in paragraph 21 of the Complaint, except admit that Kelley Hardwick currently is employed in the Security Department as a Director.

23. Deny the allegations set forth in paragraph 23 of the Complaint.

24. Deny the allegations set forth in paragraph 24 of the Complaint.

25. Deny the allegations set forth in paragraph 25 of the Complaint.

26. Deny the allegations set forth in paragraph 26 of the Complaint.

27. Deny the allegations set forth in paragraph 27 of the Complaint.

28. Deny the allegations set forth in paragraph 28 of the Complaint.

29. Deny the allegations set forth in paragraph 29 of the Complaint.

30. Deny the allegations set forth in paragraph 30 of the Complaint.

31. Deny the allegations set forth in paragraph 31 of the Complaint.

32. Deny the allegations set forth in paragraph 32 of the Complaint.

33. Deny the allegations set forth in paragraph 33 of the Complaint.

34. Deny the allegations set forth in paragraph 34 of the Complaint.

35. Deny the allegations set forth in paragraph 35 of the Complaint.

36. Deny the allegations set forth in paragraph 36 of the Complaint.

37. Deny the allegations set forth in paragraph 37 of the Complaint.

38. Deny the allegations set forth in paragraph 38 of the Complaint.

39. Deny the allegations set forth in paragraph 39 of the Complaint.

40. Deny the allegations set forth in paragraph 40 of the Complaint.

41. Deny the allegations set forth in paragraph 41 of the Complaint.

42. Deny the allegations set forth in paragraph 42 of the Complaint.

43. Deny the allegations set forth in paragraph 43 of the Complaint.

44. Deny the allegations set forth in paragraph 44 of the Complaint.

45. Deny the allegations set forth in paragraph 45 of the Complaint.

46. Deny the allegations set forth in paragraph 46 of the Complaint.

47. With respect to the allegations in paragraph 47 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 46 of the Complaint as if fully set forth herein.

48. Deny the allegations set forth in paragraph 48 of the Complaint.

49. Admit that in paragraph 49 of the Complaint Plaintiff purports to quote the statute cited to therein, and respectfully refer the Court to the statute itself for all of its terms and provisions.

50. Deny the allegations set forth in paragraph 50 of the Complaint.

51. With respect to the allegations in paragraph 51 of the Complaint, admit that Plaintiff purports to assert the claims referred to therein, and deny that Plaintiff is entitled to any relief.

52. With respect to the allegations in paragraph 52 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 51 of the Complaint as if fully set forth herein.

53. Admit that in paragraph 53 of the Complaint Plaintiff purports to quote the statute cited to therein, and respectfully refer the Court to the statute itself for all of its terms and provisions.

54. Deny the allegations set forth in paragraph 54 of the Complaint.

55. With respect to the allegations in paragraph 55 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 54 of the Complaint as if fully set forth herein.

56. Admit that in paragraph 56 of the Complaint Plaintiff purports to quote the statute cited to therein, and respectfully refer the Court to the statute itself for all of its terms and provisions.

57. Deny the allegations set forth in paragraph 57 of the Complaint.

58. With respect to the allegations in paragraph 58 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59. Admit that in paragraph 59 of the Complaint Plaintiff purports to quote the statute cited to therein, and respectfully refer the Court to the statute itself for all of its terms and provisions.

60. Deny the allegations set forth in paragraph 60 of the Complaint.

61. With respect to the allegations in paragraph 61 of the Complaint, admit that Plaintiff purports to assert the claims referred to therein, and deny that Plaintiff is entitled to any relief.

62. With respect to the allegations in paragraph 62 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 61 of the Complaint as if fully set forth herein.

63. Admit that in paragraph 63 of the Complaint Plaintiff purports to quote the statute cited to therein, and respectfully refer the Court to the statute itself for all of its terms and provisions.

64. Deny the allegations set forth in paragraph 64 of the Complaint.

65. With respect to the allegations in paragraph 65 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 64 of the Complaint as if fully set forth herein.

66. Admit that in paragraph 66 of the Complaint Plaintiff purports to quote the statute cited to therein, and respectfully refer the Court to the statute itself for all of its terms and provisions.

67. Deny the allegations set forth in paragraph 67 of the Complaint.

68. With respect to the allegations in paragraph 68 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 67 of the Complaint as if fully set forth herein.

69. Admit that in paragraph 69 of the Complaint Plaintiff purports to quote the statute cited to therein, and respectfully refer the Court to the statute itself for all of its terms and provisions.

70. Deny the allegations set forth in paragraph 70 of the Complaint.

71. With respect to the allegations in paragraph 71 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 70 of the Complaint as if fully set forth herein.

72. Admit that in Paragraph 72 of the Complaint Plaintiff purports to quote the statute cited to therein, and respectfully refer the Court to the statute itself for all of its terms and provisions.

73. Deny the allegations set forth in paragraph 73 of the Complaint.

74. Deny the allegations set forth in paragraph 74 of the Complaint.

75. Deny the allegations set forth in the WHEREFORE clause of the Complaint (including subparagraphs therein), and:

    A. Deny that Plaintiff is entitled to any relief demanded in subparagraph A of the WHEREFORE clause of the Complaint, and further deny that Plaintiff is entitled to any relief whatsoever;

    B. Deny that Plaintiff is entitled to any relief demanded in subparagraph B of the WHEREFORE clause of the Complaint, and further deny that Plaintiff is entitled to any relief whatsoever;

    C. Deny that Plaintiff is entitled to any relief demanded in subparagraph C of the WHEREFORE clause of the Complaint, and further deny that Plaintiff is entitled to any relief whatsoever;

    D. Deny that Plaintiff is entitled to any relief demanded in subparagraph D of the WHEREFORE clause of the Complaint, and further deny that Plaintiff is entitled to any relief whatsoever;

E.  Deny that Plaintiff is entitled to any relief demanded in subparagraph E of the WHEREFORE clause of the Complaint, and further deny that Plaintiff is entitled to any relief whatsoever.

F.  Deny that Plaintiff is entitled to any relief demanded in subparagraph F of the WHEREFORE clause of the Complaint, and further deny that Plaintiff is entitled to any relief whatsoever.

76. Admit that Plaintiff requests a Jury Trial in this matter, but deny that a jury trial is warranted or that Plaintiff is entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Any actions taken by Defendants with respect to Plaintiff were in good faith and for legitimate, non-discriminatory, non-retaliatory reasons and/or for good cause.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Defendants were motivated in part by unlawful reasons (which Defendants expressly deny), they would have taken the same actions with respect to Plaintiff for lawful reasons.

## SIXTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because, at all times relevant hereto, Defendants exercised reasonable care to prevent and correct promptly any discriminatory or harassing behavior or misconduct, and Plaintiff unreasonably failed to take advantage of any preventative and/or corrective opportunities provided by Defendants to avoid harm otherwise.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any damages attributable to any actions of Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

If Plaintiff has suffered any injury, which Defendants expressly deny, such injury is the result of Plaintiff's own acts or omissions.

## NINTH AFFIRMATIVE DEFENSE

If Plaintiff has suffered damages, which Defendants expressly deny, upon information and belief, she has failed to take reasonable and diligent efforts to mitigate her damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for emotional distress and/or mental anguish damages are barred, in whole or in part, because Defendants' alleged conduct did not rise to the required level of culpability to justify an award of such damages and/or because Defendants did not cause such damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages in this action because at all times relevant herein, including prior to the allegations that form the basis of the Plaintiff's claims, Defendants have taken good faith efforts to comply with the statutes underlying the Plaintiff's claims.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages or attorneys' fees and costs under the New York State Executive Law, and to the extent she seeks punitive damages under New York City law, such relief is barred because Defendants' alleged conduct did not rise to the level of culpability to justify an award of such damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants' liability and penalties, if any, should be mitigated by virtue of the factors set forth in Section 8-107(13)(d) and (e) of the New York City Human Rights Law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for compensatory damages is barred, in whole or in part, by the exclusive remedy provisions of the New York Workers' Compensation Law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

WHEREFORE, Defendants request that the Court enter judgment dismissing with prejudice the Complaint in its entirety against Defendants, together with an award of attorneys' fees, costs and disbursements incurred in this action, and such other relief as the Court deems just and proper.

Dated: New York, New York
November 10, 2008

        PROSKAUER ROSE LLP

        _____
        Howard L. Ganz (HG-8644)
        Evandro C. Gigante (EG-7402)
        1585 Broadway
        New York, NY 10036-8299
        Phone: (212) 969-3000
        Email: hganz@proskauer.com
                egigante@proskauer.com
        *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that, on November 10, 2008, I caused to be served the foregoing Answer by ECF upon the Court and on the following counsel for plaintiff via UPS Overnight Delivery:

>Derek T. Smith, Esq.
>AKIN & SMITH LLC
>305 Broadway, Suite 1101
>New York, NY 10007
>Phone: (212) 587-0760
>*Attorneys for Plaintiff*

Evandro C. Gigante