

RECEIVED
MAR 1 2 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
ANNETTE SMITH,

                  Plaintiff,

    against

NATIONAL BASKETBALL ASSOCIATION,
INC., and BERNARD TOLBERT,

                  Defendants.
---------------------------------X

08 Civ. 7888 (WHP)(RLE)
ECF CASE

**CONFIDENTIALITY STIPULATION AND ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/17/09

WHEREAS, Plaintiff Annette Smith, and Defendants National Basketball Association (the "NBA") and Bernard Tolbert (referred to as "Defendants") (collectively referred to as the "Parties") are engaged in litigation in the above-captioned action ("the Litigation");

WHEREAS, the Parties have produced or expect to be producing documents and information during the course of discovery in the Litigation; and

WHEREAS, the Parties seek to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect all material to be kept confidential, and ensure that only confidential material is protected;

WHEREAS, the Parties having agreed to the form of this Confidentiality Stipulation and Order ("Stipulation and Order"), and the Court finding good cause for entry of this Stipulation and Order,

**IT IS HEREBY STIPULATED AND AGREED,** by and between the Parties, through their respective counsel, that:

1.      This Stipulation and Order governs the use and handling of documents, exhibits, deposition testimony, video and audio tapes and other information and documentation, including all copies, excerpts and summaries thereof (collectively, "Material"), produced by any Party to another Party in connection with the above-referenced proceeding.

2.      Any Party has the right to designate as "Confidential" any Material exchanged in this case (hereinafter "Confidential Material").

3.      Confidential Material shall be designated as follows:

(a)      In the case of documents, designation shall be made by placing the legend "CONFIDENTIAL" on each page of any such document prior to production.

(b)      In the case of depositions, if any, designation of the portion of the transcript (including exhibits) which contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition. When designation of Confidential Material has been made during the course of a deposition, the reporter attending such deposition shall thereafter bind the transcript thereof in separate portions containing the non-confidential Material and Confidential Material, and the reporter shall place the appropriate legend on the cover of the Confidential portions of the transcript if requested to do so by the Party making such statement. The signatories to this Stipulation and Order may modify this procedure for any particular deposition through agreement on the record at such deposition or the conclusion thereof, without a further Order of the Court.

(c)      No Confidential Material shall be filed in the public record of the case. Any Confidential Material that is filed with the Court—and any pleadings, motions, exhibits, or any other papers filed with the Court containing such material—shall be (i) delivered only to the assigned pre-trial District or Magistrate Judge; (ii) transmitted in a sealed envelope that is clearly

labeled "CONFIDENTIAL - TO BE FILED UNDER SEAL"; and (iii) accompanied by a letter to the District or Magistrate Judge stating: "The undersigned respectfully requests that the Court file and maintain the information submitted herewith under seal in accordance with the federal Rules of Civil Procedure and the Stipulated Protective Order previously executed by the parties and filed in this case." Where possible, only the portions of the filings containing Confidential Material shall be filed under seal with the assigned District or Magistrate Judge. The submitting party shall provide the Clerk of the Court with a redacted form of the pleading, which does not contain any Confidential Material, for filing and inclusion in the public record.

(d) Oral argument on any motion, in which reference is anticipated to be made to "CONFIDENTIAL" Material shall be scheduled with the intent of minimizing disclosure to the extent possible; but no counsel for any party shall be deemed in violation of this Stipulation and Order for disclosure of any "CONFIDENTIAL" Materials during oral argument.

4. Inadvertent failure to designate information as "CONFIDENTIAL" may be corrected within thirty (30) days after the production of that information by written notice by the party that such information shall be deemed designated as "CONFIDENTIAL."

5. Confidential Material shall be subject to the following restrictions:

(a) Confidential Material shall be used only for the purpose of this proceeding (including appeals, if any), and not for any other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except those to whom it is necessary that such Material be given or shown for the purposes permitted under this paragraph, as set forth in subparagraph (b) below.

(b) Confidential Material shall be disclosed, for the purposes set forth above, only to:

(i) counsel of record and other counsel for the Parties in this litigation, including the partners, associates, paralegals, and secretaries of any law firm appearing in this action on behalf of any Party;

(ii) Plaintiff Annette Smith, Defendant Bernard Tolbert and the officers, directors, and in-house counsel of the NBA, and other members of the NBA's legal department, members of the litigation control group of the NBA with regard to this matter, and any other employees of the NBA who may need to be consulted concerning the documents;

(iii) an independent expert retained by a Party on its behalf in preparation for the trial of this matter. Such an expert shall agree, in writing, to be bound by the terms of this Stipulation and Order by signing a Confidentiality Attestation in the form annexed hereto as Exhibit A prior to the disclosure of any Material designated as "CONFIDENTIAL."

(iv) the litigation forums in which such proceeding may proceed (including the Court, Court reporters, stenographic reporters) if permitted by this paragraph 5(b); and

(v) any other person with a legitimate need to access the Confidential Material in connection with this litigation, provided that counsel of record agree in advance to such disclosure in writing or the Court enters an Order permitting such disclosure. Such a person agrees, in writing, to be bound by the terms of this Stipulation and Order by signing a Confidentiality Attestation in the form annexed hereto as Exhibit A prior to the disclosure of any Material designated as "CONFIDENTIAL."

(c) Notwithstanding the above, the Parties agree that Confidential Material that is marked "FOR ATTORNEY EYES ONLY" in connection with this litigation shall not be disclosed to anyone other than counsel of record and other counsel for the Parties in this litigation.

6. The Parties will seek confidential protection from the Court for any Confidential Material used in or disclosed in any Court proceeding unless counsel for the Party producing the

Confidential Material has been given two (2) business days notice of the disclosure and has stated in writing that it has no objection to the disclosure.

7. Notwithstanding any of the foregoing provisions, any Party may disclose Confidential Material produced by it to counsel for any other Party to this litigation, without waiving such confidential designation.

8. Each person given access to Confidential Material pursuant to the terms hereof shall be advised that (a) the Confidential Material is being disclosed pursuant to and subject to the terms of this Stipulation and Order and may not be disclosed or used other than pursuant to the terms hereof; and (b) that the use of the Confidential Material in any impermissible manner shall constitute a violation of this Stipulation and Order. Each Party and its respective counsel shall immediately notify counsel for all other Parties if it obtains knowledge or information that any person is about to disclose, or has disclosed, Confidential Material to persons in violation of the provisions of this Stipulation and Order.

9. (a) The signatories hereto may at any time, in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules of the U.S. District Court for the Southern District of New York, move for (i) modification of this Stipulation and Order or (ii) relief from the provisions of this Stipulation and Order with respect to specific Material (subject to the terms of paragraph 9(b) below) or (iii) to challenge what has been deemed Confidential Material.

(b) If the Party which has not produced the Confidential Material challenges such designation, it shall send or give notice to counsel for the other Parties, and counsel for the Parties shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, any Party may, on reasonable notice not less than two business days, apply for appropriate ruling(s) from the Court. In the

event of such application, the burden will be on the proponent of confidentiality to satisfy the standards for a protective order set out in the Federal and Local Civil Rules, and applicable caselaw. The provisions of this Stipulation and Order shall continue to apply to any documents and information designated as "CONFIDENTIAL" until they are declassified by the Court or with the consent of counsel.

10. The execution of this Stipulation and Order is not deemed to be a waiver of any proper objection, in whole or in part, as to any request for the production of documents which may be subject to privilege; contain private and/or proprietary financial or business information; and/or subject to any other proper objection on any ground.

11. Any reproductions, summaries, or abstracts of Confidential Material shall be treated in the same manner as the originals.

12. This Stipulation and Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of this matter. Counsel for the Parties may retain any Confidential Material in their office files, but shall otherwise be bound by the terms of this Stipulation and Order.

13. Upon completion of this litigation, Plaintiff's counsel and Defendant's counsel shall confirm in writing that the files containing "CONFIDENTIAL" Material have been destroyed or returned to the producing party. Notwithstanding the return and/or destruction of any Confidential Material, the Parties shall be bound by the terms of this Stipulation and Order.

14. Sealed records which have been filed with the Clerk of Court shall be removed by the party submitting them (1) within ninety (90) days after a final decision is rendered if no appeal is taken; or (2) if any appeal is taken, within thirty (30) days after final disposition of the appeal. Parties failing to comply with this Stipulation shall be notified by the Clerk of the Court

that, should they fail to remove the sealed records within thirty (30) days, the Clerk of the Court may dispose of them.

15. Nothing in this Stipulation and Order shall be deemed to prevent any party from seeking amendments hereto in order to restrict the right of access and/or further utilize the documents covered hereunder and/or the information referred to therein for any other reason.

16. The issue of disclosure or non-disclosure of "CONFIDENTIAL" Material at trial shall be resolved by further stipulation among and between the Parties and/or by further Order of the Court.

17. Nothing herein shall be deemed to restrict in any manner the use by the Parties of their own documents or materials.

18. Confidential Material may be used as exhibits and for cross-examination purposes at depositions, subject to Paragraph 3(b) above, and at the time of trial.

[SIGNATURE PAGE FOLLOWS]

SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.

3/16/09

The undersigned hereby consent to the form and entry of the within Stipulation and Order:

AKIN & SMITH, LLC

By: /s/ Derek T. Smith
Derek T. Smith, Esq.

305 Broadway
Suite 1101
New York, New York 10007
(212) 587-0760
*Attorneys for Plaintiff Annette Smith*

Dated: March 11, 2009

PROSKAUER ROSE LLP

By: /s/ Howard L. Ganz
Howard L. Ganz, Esq.
Evandro C. Gigante, Esq.

1585 Broadway
New York, New York 10036
(212) 969-3000
*Attorneys for Defendants National Basketball Association and Bernard Tolbert*

Dated: March 12, 2009

SO ORDERED, this _____ day of _____ 2009.

_____
HON. WILLIAM H. PAULEY, U.S.D.J.

8

# EXHIBIT A

## CONFIDENTIALITY ATTESTATION

I hereby attest to my understanding that information and/or documents designated "CONFIDENTIAL" may be provided to me pursuant to the terms, conditions and restrictions of a Confidentiality Stipulation and Order signed by the parties to the action captioned <u>Annette Smith v. National Basketball Association and Bernard Tolbert</u>, Index No. 08 Civ. 7888, and have been given a copy of the Stipulation and Order, and have had its meaning and effect explained to me by the attorneys providing me with such information and documents, and that I hereby agree to be bound by its terms.

I further agree that I shall not disclose to others, except in accordance with the Stipulation and Order, such information or documents, and that such information or documents shall be used only for the purpose of the legal proceeding in which the documents were produced.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of this legal proceeding.

I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Stipulation and Order, I may be subject to sanctions, including sanctions by way of contempt of court.

_____

Dated: