**PROSKAUER ROSE LLP**

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

BOCA RATON
BOSTON
CHICAGO
HONG KONG
LONDON
LOS ANGELES
NEW ORLEANS
NEWARK
PARIS
SÃO PAULO
WASHINGTON

**Howard L. Ganz**
Member of the Firm

Direct Dial 212.969.3035
hganz@proskauer.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/19/09

June 12, 2009

Honorable William H. Pauley III      **BY HAND**
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2210
New York, New York 10007

Re:   Annette Smith v. National Basketball Association
      and Bernard Tolbert, Index No. 08 Civ. 7888 (WHP)(RLE)

Dear Judge Pauley:

As counsel to Defendants National Basketball Association ("NBA") and Bernard Tolbert (collectively, "Defendants"), and in accordance with Your Honor's Individual Practice Rules, we respectfully request a pre-motion conference to discuss Defendants' proposed Motion for Summary Judgment in this action. We also request that the pre-trial conference and the parties' submission of a pre-trial order be deferred until the disposition of the contemplated motion.

**Background Facts and Claims Asserted**

Plaintiff Annette Smith was hired by the NBA (in 1992) as a secretary, and, in 2001, was promoted to the position of a Coordinator in the NBA's Security Department. As a Coordinator, Plaintiff did not engage in actual security work (such as the protection of NBA personnel, players, or facilities), but rather was responsible for various administrative functions within the Security Department, including preparing documents, presentations and expense reports for the Manager and Director-level employees, arranging travel schedules and generally overseeing the administrative staff. Plaintiff held the Coordinator position until she voluntarily resigned in January 2008.

In this action, Plaintiff charges the NBA and Mr. Tolbert (a Senior Vice President who is the head of the NBA Security Department) with having discriminated against her on the basis of her gender, in alleged violation of the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), by (i) denying her a promotion to a "manager" position in the Security Department; (ii) subjecting her to a hostile work

*Application Granted. The Court will hold a pre-motion conference at*
SO ORDERED: *June 29, 2009 at 10:30 a.m.*

[signature]

WILLIAM H. PAULEY III U.S.D.J.
6/18/09

PROSKAUER ROSE LLP

Hon. William H. Pauley III
June 12, 2009
Page 2

environment; (iii) retaliating against her following her alleged complaints of discrimination; and (iv) causing her constructive discharge.[1]

All fact discovery has been completed and it is, we submit, clear that Plaintiff cannot identify a single genuine issue of material fact sufficient to prevent the summary dismissal of her claims. Accordingly, for the reasons set forth briefly below, we seek leave to move for summary judgment on Defendants' behalf.

## Bases for Defendants' Motion for Summary Judgment

(i) Plaintiff's failure to promote claim fails as a matter of law because she cannot establish the existence of a position to which she should have been promoted, that she was qualified for an available position in the Security Department, or that the position she sought was ultimately filled by someone else.[2] Rather, as Plaintiff herself testified, she generally sought promotion to a "manager" position without identifying any particular position for which she claimed to be qualified (and, indeed no such position existed), and no one else was promoted into a "manager" position of the kind Plaintiff allegedly sought. Moreover, Plaintiff acknowledges (a) that all those who occupy manager positions in the NBA Security Department, and who are responsible for security-related activities (such as overseeing security at NBA events, conducting investigations, and securing the NBA's facilities), had either a substantial background in law enforcement or significant experience in facilities security, (b) that she lacked any such background or experience, and (c) that she was not qualified for any such position. *See* Smith Dep. Tr. ("Tr.") 58:20-25, 59:22-60:2, 69:20-70:2, 72:6-10. Thus, Plaintiff's own testimony demonstrates her inability to make out a *prima facie* case of discrimination.

(ii) Even if accepted as true, the factual allegations Ms. Smith advances in support of her hostile environment claim – that (over the course of her 16-year employment at the NBA) she was subjected to two or three inappropriate jokes or comments and two allegedly offensive photographs about which she did not complain through use of the NBA's complaint procedure – do not rise to the level necessary to establish such a claim. Under the NYSHRL (where the standard is the same as under Title VII), a hostile work environment is one "permeated with discriminatory intimidation, ridicule, and insult" that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."[3] Under

---

[1] *See* Compl., ¶¶ 1, 47-73. (The complaint asserts that Mr. Tolbert is liable on an aiding and abetting theory under the NYSHRL and NYCHRL. *See* Compl., ¶¶ 55-57, 65-57.)

[2] *See Brown v. Coach Stores, Inc.*, 163 F.3d 706, 709 (2d Cir. 1998) (to establish a *prima facie* case of discrimination in the failure to promote context, plaintiff must allege, *inter alia*, that "she applied and was qualified for a job for which the employer was seeking applicants", was rejected for the position and that the position "remained open and the employer continued to seek applicants having the plaintiff's qualifications.") (*quoting, McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

[3] *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993) (quotations omitted).

the NYCHRL, to survive summary judgment, a plaintiff must allege conduct that a reasonable person would consider to be more than trivial slights or petty inconveniences.[4] Taken together, Plaintiff's allegations do not meet these standards.[5]

(iii) Plaintiff's retaliation claim fails because, *inter alia*, she did not "oppose any practices" forbidden by the NYSHRL or NYCHRL.[6] Rather, Plaintiff admits that she opposed the hiring of a male staff assistant *because* he had a prior relationship with Mr. Tolbert and because she believed that the candidate was not qualified. *See* Tr. 50:14-20, 85:25-86:16, 149:24-150:24. She did *not*, at the time or now, claim that the hiring was the result of gender discrimination.[7]

(iv) As for her constructive discharge claim, Plaintiff twice acknowledged during her deposition that she had not been discharged, but in fact had voluntarily resigned. *See* Tr. 50:10-13, 171:25-172:7. Even more importantly, this claim is entirely undermined by the undisputed fact that only two weeks following her resignation, Plaintiff willingly returned to work in the NBA Security Department in connection with the NBA's All-Star Weekend. *See* Tr. 121:21-123:18. On these facts, as well as others elicited in discovery, Plaintiff simply cannot establish that her working conditions were "so intolerable that [she was] forced into voluntary resignation" *Pena v. Brattleboro Retreat*, 702 F.2d 322, 325 (2d Cir. 1983).[8]

For the reasons set forth above, Defendants respectfully request a pre-motion conference and a deferral of the pre-trial conference and the parties' submission of a joint pre-trial order (currently due June 29, 2009).

Respectfully submitted,

*Howard L. Ganz*

Howard L. Ganz

cc: Derek T. Smith, Esq. (via facsimile)

---

[4] *See Williams v. N.Y.C. Hous. Auth.*, 2009 NY Slip Op. 440 (1st Dep't 2009).

[5] Moreover, under the NYSHRL, Plaintiff's harassment claim also fails under *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), because she admittedly did not avail herself of the NBA's established complaint procedure. Tr. 111:17-112:7.

[6] *See* N.Y. Exec. Law §296(7) (prohibiting retaliation against employees who have "opposed any practices forbidden under this article"); N.Y.C. Admin. Code §8-107(7) (same).

[7] In addition, assuming Plaintiff were to satisfy the "protected activity" requirement, she cannot point to a single adverse action sufficient to establish that she was retaliated against in any manner.

[8] Because she cannot establish her claims as against the NBA, Plaintiff also cannot establish her aiding and abetting claims against Defendant Tolbert. *See Garone v. United Parcel Service, Inc.*, 436 F. Supp.2d 448, 473 (E.D.N.Y. 2006).