UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
ANNETTE SMITH,                        :
                                      :   08 Civ. 7888 (WHP)(RLE)
                   Plaintiff,         :
                                      :
       against                        :   **ECF CASE**
                                      :
NATIONAL BASKETBALL ASSOCIATION,      :
INC., and BERNARD TOLBERT,            :
                                      :
                   Defendants.        :
------------------------------------- X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

PROSKAUER ROSE LLP
Howard L. Ganz (HG-8644)
Evandro C. Gigante (EG-7402)
1585 Broadway
New York, New York 10036-8299
Telephone 212.969.3000
Fax 212.969.2900
Email: hganz@proskauer.com
       egigante@proskauer.com
*Attorneys for Defendants*

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| PRELIMINARY STATEMENT | | 1 |
| ARGUMENT | | 1 |
| I. | PLAINTIFF'S DENIAL-OF PROMOTION CLAIM FAILS AS A MATTER OF LAW | 2 |
| | A. Plaintiff's Claim That She Sought Promotion To A Manager Position In A Department Other Than The Security Department Should Be Rejected | 2 |
| | B. Plaintiff's Claim That Her Title Should Have Been Changed To That Of A Manager Should Be Rejected | 4 |
| II. | PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM SHOULD BE DISMISSED | 6 |
| CONCLUSION | | 10 |

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Alfano v. Costello*,
　294 F.3d 365 (2d Cir. 2002)..................................................................................................9

*Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*,
　757 F.2d 523 (2d Cir. 1985)....................................................................................................4

*Brown v. Coach Stores, Inc.*,
　163 F.3d 706 (2d Cir. 1998)................................................................................................3, 4

*Bynog v. SL Green Realty Corp.*,
　No. 05 Civ. 0305, 2007 U.S. Dist. LEXIS 19110
　(S.D.N.Y. Mar. 20, 2007) (Pauley, J.) ....................................................................................9

*Byrne v. Telesector Res. Group, Inc.*,
　No. 08-0101-cv, 2009 U.S. App. LEXIS 15493 (2d Cir. July 14, 2009) ...............................9

*Byrnie v. Town of Cromwell Bd. of Educ.*,
　243 F.3d 93 (2d Cir. 2001).....................................................................................................6

*Ferrer v. Potter*,
　03 Civ. 9113, 2005 U.S. Dist. LEXIS 7642 (S.D.N.Y. May 3, 2005)....................................3

*Forde v. IBM Corp.*,
　No. 00 Civ. 6888, 2003 U.S. Dist. LEXIS 2974 (S.D.N.Y. Mar. 4, 2003).............................8

*Golden v. Merrill Lynch & Co, Inc.*,
　06 Civ. 2970, 2007 U.S. Dist. LEXIS 90106 (S.D.N.Y. Dec. 6, 2007).............................2-2

*Heletsi v. Lufthansa German Airlines, Inc.*,99
　CV 4793, 2001 U.S. Dist. LEXIS 22413 (E.D.N.Y. Dec. 18, 2001).......................................4

*Kolenovic v. ABM Janitorial N.E., Inc.*,
　08 Civ. 067, 2009 U.S. Dist. LEXIS 7798 (S.D.N.Y. Jan. 8, 2009) (Pauley, J.)....................9

*Martin v. MTA Bridges & Tunnels*,
　610 F. Supp. 2d 238 (S.D.N.Y. 2009)................................................................................5, 6

*Patane v. Clark*,
　508 F.3d 106 (2d Cir. 2007)...................................................................................................7

*Petrosino v. Bell Atl.*,
　385 F.3d 210 (2d Cir. 2004)................................................................................................7, 9

*Sackey v. City of N.Y.* Civ. 2775, 2006 U.S. Dist. LEXIS 5483, at *24
   (S.D.N.Y. Feb. 15, 2006), *aff'd*, 293 F. App'x 89 (2d Cir. 2008) .......................... 9-10

*Southwick Clothing LLC v. GFT (USA) Corp.,* 99
   CV 10452, 2004 U.S. Dist. LEXIS 25336 (S.D.N.Y. Dec. 13, 2004) ............................ 4

*Stepheny v. Brooklyn Hebrew Sch. for Special Children,*
   356 F. Supp. 2d 248 (E.D.N.Y. 2005) ............................................................................ 8

*Stofsky v. Pawling Cent. Sch. Dist.,*
   06-CV-10231, 2009 U.S. Dist. LEXIS 25953 (S.D.N.Y. Mar. 27, 2009) ...................... 7

*Wilson v. N.Y.P. Holdings, Inc.,*
   05 Civ. 10355, 2009 U.S. Dist. LEXIS 28876 (S.D.N.Y. Mar. 31, 2009) ...................... 7

# PRELIMINARY STATEMENT

In her opposition, Plaintiff completely fails to rebut the arguments Defendants have advanced that mandate the dismissal of her retaliation and constructive discharge claims – *e.g.*, that Plaintiff did not engage in any "protected" activity, and, in any event, did not suffer any materially adverse employment action, and that Plaintiff's voluntary return to work at the NBA, following her supposed constructive discharge, entirely undermines any notion that she had been confronted by working conditions so intolerable that a reasonable person would have been compelled to resign. *See* Memorandum of Law in Support of Defendants' Motion for Summary Judgment ("Mov. Br.") at 13-17, 22-24.

Similarly, Plaintiff has all but abandoned her denial-of-promotion claim by failing to address, much less refute, the undisputed record evidence that she never applied for a particular manager position within the Security Department, that she was not qualified for such a position, and/or that the NBA was not seeking to fill a position in the Security Department for which she was qualified. Rather than address these points head on, Plaintiff has completely altered the theory of her failure-to-promote claim, saying now that she sought promotion to any manager position at the NBA. Even were this tactic permissible at this late stage in the case, Plaintiff cannot – on the undisputed facts – make out a *prima facie* case on this new theory.

Plaintiff's hostile work environment claim is also legally deficient. Despite Plaintiff's efforts to bolster this claim by relying on isolated comments and offhand remarks, conclusory allegations of "unfair treatment," and statements allegedly made to *others*, the evidence fails to establish a hostile environment as a matter of law.

# ARGUMENT

## I. PLAINTIFF'S DENIAL-OF-PROMOTION CLAIM FAILS AS A MATTER OF LAW.

As demonstrated in Defendants' moving brief, Plaintiff's denial-of-promotion claim fails because she cannot satisfy the elements of a *prima facie* case of discrimination. Recognizing her inability to succeed on this claim as alleged, Plaintiff has now changed the theory of her claim. Her attempt to do so, however, is wholly undermined by the undisputed evidence (including her own deposition testimony) and the governing case law, and should thus be rejected.

### A. Plaintiff's Claim That She Sought Promotion To A Manager Position In A Department Other Than The Security Department Should Be Rejected.

On this motion, Plaintiff asserts *for the first time* that she was *not* seeking a promotion to Manager within the Security Department, but rather that she sought promotion to a manager position in some *different area* of the NBA. *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment ("Opp. Br.") at 22. This new theory not only contradicts Plaintiff's deposition testimony on the matter, but also fails as a matter of law.

While asserting on deposition that she should have been promoted to a manager position "in the Security Department" (Smith Tr. 54:23-55:4),[1] Plaintiff made absolutely no claim that she had sought to be promoted to manager in a different Department. Rather, when asked specifically whether she had applied for a position in some other NBA department, Plaintiff responded with an unequivocal "no." Smith Tr. 44:25-46:4.

Because her newly asserted theory is contradicted by her deposition testimony, it cannot be relied upon to avoid summary judgment. *Golden v. Merrill Lynch & Co, Inc.*, 06 Civ. 2970,

---

[1] Deposition transcript pages which were *not* included among those annexed to the Declaration of Howard L. Ganz, Esq. in support of Defendants' motion, or to Plaintiff's memorandum of law in opposition, are attached to the accompanying Reply Declaration of Howard L. Ganz, Esq.

2007 U.S. Dist. LEXIS 90106, at *23 (S.D.N.Y. Dec. 6, 2007) ("[c]ourts in this Circuit have rejected such attempts to rely on declarations that contradict the witness's prior deposition testimony and have granted summary judgment even where the purported new evidence would otherwise create a triable issue of fact.") (citation omitted); *Ferrer v. Potter*, 03 Civ. 9113, 2005 U.S. Dist. LEXIS 7642, at *21-22 (S.D.N.Y. May 3, 2005).

Moreover, Plaintiff's new theory fails as a matter of law. In light of her deposition testimony that she did not apply for a manager position in a different department, Plaintiff, of course, cannot satisfy the requirement that she first apply for a position before claiming that it has been discriminatorily denied. *See Brown v. Coach Stores, Inc.*, 163 F.3d 706, 709 (2d Cir. 1998) (to establish the second element of a *prima facie* case based on a failure to promote, Plaintiff must show, *inter alia*, that: "she applied and was qualified for a job for which the employer was seeking applicants."); Mov. Br. at 6-7.[2]

In addition to her failure to apply, Plaintiff has also failed to adduce any evidence as to

---

[2] In addition to her newly-invented claim that she should have been promoted to a manager position in another department, Plaintiff seeks to circumvent the incontrovertible proof that *all* Managers in the Security Department are required to have law enforcement or facilities security experience. Opp. Br. at 24. Relying on an excerpt taken from Mr. Tolbert's deposition testimony, Plaintiff asserts that "a common thread" among Managers in the Department was that they supervised others, and, accordingly, that she was qualified to be a manager because she "supervised" three administrative employees. *Id.* (*citing* Tolbert Tr. 73:24-74:6). While supervision of employees may be a "common thread" among Managers, it is certainly *not* the only thread. As the record makes clear – and as even Plaintiff has acknowledged – all Security Managers in the Department under Mr. Tolbert were required to have – and did have – a law enforcement background. Tolbert Tr. 75:2-13; Smith Tr. 69:20-70:2; Glover Tr. 40:11-18. Plaintiff lacked this experience, and thus was unqualified for a Security Manager position whether or not she "supervised" or assigned tasks to administrative employees. Smith Tr. 7:11-8:16, 72:6-10. In addition, Plaintiff claims that three individuals (Adam Gardner, Nicki Arms and Robert Knibb) are or were managers in the Security Department who did not have prior law enforcement experience. Pl. Opp. 56.1 Stmt. ¶ 17; Opp. Br at 23. But, the record is clear that all three individuals were in manager positions *prior to* Mr. Tolbert's arrival in 2002 (indeed, two of them resigned well before Tolbert joined the NBA (Smith Tr. 19:7-20:06; Tolbert Tr. 77:6-79:16)); and none of them held a Security Manager position of the kind Plaintiff described in her deposition. Smith Tr. 71:25-72:3; Glover 13:15-18; Pl. Ex. 9 at P000046-48.

the availability of managerial positions outside of the Security Department, the qualifications required for any such positions, her possession of the required qualifications, her rejection from a position for which she was qualified, and/or the promotion of others outside of her protected class to such positions. *See Brown*, 163 F.3d at 709; Mov. Br. at 5-6. For these reasons, Plaintiff cannot satisfy the second, third and fourth elements of a *prima facie* case on her new claim.

### B. Plaintiff's Claim That Her Title Should Have Been Changed To That Of A Manager Should Be Rejected.

In her Opposition, Plaintiff surprisingly states that she is *not* asserting a "failure-to-promote" claim (because, as she concedes, there was no open position to which she could be promoted), but rather that the NBA failed to accord her a title commensurate with her responsibilities. Opp. Br. at 21. This new theory fails for a number of reasons.

First, Plaintiff's contention from the outset of this case has been that she was "denied ***promotion*** to Manager on numerous occasions". *See* Opp. Br. at 22 (*quoting* Compl. ¶¶ 19-21) (emphasis added). Absolutely no mention is made in her Complaint of her having been simply denied a title matching her claimed responsibilities. Thus, her allegation that she was not seeking a "promotion" squarely contradicts her Complaint, and cannot defeat summary judgment. *See Southwick Clothing LLC v. GFT (USA) Corp.*, 99 CV 10452, 2004 U.S. Dist. LEXIS 25336, at *20 (S.D.N.Y. Dec. 13, 2004) ("[p]laintiffs cannot survive a summary judgment motion by contradicting their own pleadings in an effort to raise a genuine issue of fact.") (*citing Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528-29 (2d Cir. 1985)); *Heletsi v. Lufthansa German Airlines, Inc.*, 99 CV 4793, 2001 U.S. Dist. LEXIS 22413, at *2 n.1 (E.D.N.Y. Dec. 18, 2001) ("[a] party cannot amend their complaint simply by alleging new facts and theories in their memoranda opposing summary judgment.") (citation omitted).

Second, such a claim cannot be sustained on the undisputed facts. Plaintiff has adduced no evidence giving rise to an inference of gender discrimination, but rather relies on two inapposite examples of individuals who were promoted, or otherwise accorded titles that she believes were commensurate with their responsibilities. *See* Opp. Br. at 22; Opp. To 56.1 Stmt. ¶¶ 22. In the case of Kelley Hardwick, Plaintiff completely disregards the fact that Ms. Hardwick (with 15 years of experience in the NYPD) was well-qualified to be a Director in the Security Department (Hardwick Tr. 8:24-9:1), while Plaintiff, on the other hand, was not qualified to hold a Manager's title.[3] Similarly, Plaintiff cannot raise an inference of discrimination based on the promotion of John Waller to Manager (Opp. Br. at 22) given the fact that Plaintiff – who lacked a law enforcement or facilities security background – was simply not qualified to hold a Manager position in the Security Department. *See* Mov. Br. at 7-9.

Indeed, the only case cited by Plaintiff to support her new argument reveals its fatal flaws. In *Martin v. MTA Bridges & Tunnels*, 610 F. Supp. 2d 238 (S.D.N.Y. 2009), Judge McMahon considered an argument, not unlike Plaintiff's, in which the plaintiff, a black female, asserted that she had not received "a job title commensurate with her job responsibilities and experience," while others outside of her protected group had. *See id.* at 249. Although the Court treated defendant's failure to upgrade plaintiff's job title to "Manager" as satisfying the third prong of the *prima facie* case (*i.e.*, that plaintiff suffer an adverse employment action), it went on to grant the employer's motion for summary judgment finding that the circumstances *did not* give rise to an inference of discrimination. *Id.* According to the Court, the decision not to accord plaintiff a "Manager" title was based upon "factors having nothing to do with race," but was rather a product of the employer's management judgment that plaintiff's day-to-day

---

[3] Moreover, because Ms. Hardwick is a female, her promotion cannot possibly further Plaintiff's claim of gender discrimination.

responsibilities did not merit that title. *Id.* Moreover, and similar to the situation here, there was no evidence that individuals outside of plaintiff's protected class whose responsibilities were similar to plaintiff's held the "Manager" title; and the other employees to whom Plaintiff sought to compare herself (who had college degrees while plaintiff did not and who had greater experience) were not similarly situated. *Id.* at 250-51. In language that is highly applicable here, Judge McMahon observed that "the Court 'does not sit as a super-personnel department that reexamines an entity's business decisions.'" *Id.* at 251 (citations omitted). Like the plaintiff in *Martin*, Plaintiff here is asking the Court to re-evaluate the NBA's business judgment in establishing criteria for its managerial positions. As the Second Circuit has held, however, it is not within the Court's province to second guess an employer's sound business judgment. *Byrnie v. Town of Cromwell Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir. 2001).

## II. PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM SHOULD BE DISMISSED.

In obvious recognition of its inherent weakness, Plaintiff makes a belated attempt to bolster her hostile environment claim by reference to statements allegedly made to *other* employees in the Security Department and to comments to which Plaintiff – despite having had the full and complete opportunity to do so – had not previously testified. Opp. Br. at 10-13. Moreover, Plaintiff does not – because she cannot – provide any case law support for her argument that a handful of allegedly inappropriate comments made over the course of several years gives rise to a hostile environment. Indeed, the case law, including that relied upon in Defendants' moving brief, holds otherwise (*see* Mov. Br. at 20-21); and, Plaintiff makes no attempt to distinguish these cases.[4]

---

[4] Also, despite Plaintiff's arguments to the contrary, her NYSHRL claim against the NBA should be dismissed because she failed to comply with the Company's established harassment complaint

Plaintiff maintains that beyond the allegations addressed in Defendants' moving brief, "[t]here is significantly more evidence" of a hostile environment. Opp. Br. at 9.[5] But, this additional "evidence" consists of two innocuous comments, neither of which gives rise to a hostile environment, statements allegedly made to *other* employees in the Security Department *outside of Plaintiff's presence*, and, finally, to Plaintiff's own subjective beliefs that women were treated unfairly in terms of compensation. *Id.* at 10-13. As a matter of law, this "additional evidence" – which amounts to nothing more than a collection of isolated remarks and occasional episodes of perceived workplace slights or trivial inconveniencies – cannot sustain Plaintiff's claim either under the NYSHRL or the NYCHRL. *Petrosino v. Bell Atl.*, 385 F.3d 210, 224 (2d Cir. 2004); *Wilson v. N.Y.P. Holdings, Inc.*, 05 Civ. 10355, 2009 U.S. Dist. LEXIS 28876, at *89 (S.D.N.Y. Mar. 31, 2009); *see also* Mov. Br. at 20-21.

First, Plaintiff claims that Greg Robinson told her that in order to be promoted she "needed to distance herself from Kelley Hardwick." Opp. Br. at 10. Plaintiff seemingly "interpreted" this comment to mean that she should stay away from the only female manager in the Department (Ms. Hardwick), and thus that the comment revealed hostility towards women.

---

procedures (Ganz Decl. Ex. I), which required that employees report their "concerns promptly to any one of the designated contacts identified" in the policy. *Id.* at P000012. By Plaintiff's own admission, she never made use of this procedure by complaining to any of the individuals listed, and never offered any justification for her failure to do so. *See* Mov. Br. at 21-22.

[5] Because Plaintiff did not sufficiently rebut the arguments made in Defendants' moving brief with respect to the first four incidents of alleged "harassment," there is no need to repeat those arguments here. *See* Mov. Br. 19-21; Opp. Br. at 7-9. However, as far as one of those incidents is concerned (*i.e.*, the alleged "kitchen and bedroom" comment), Plaintiff claims that because Ms. Hardwick testified that *she* considered the comment to be discriminatory (Opp. Br. at 8), the requirement that the conduct at issue be "objectively" hostile is somehow satisfied. Such an argument is belied by the case law, which requires the Court to consider whether the conduct as alleged "creates an environment *that a reasonable person* would find hostile or abusive," based on a variety of factors. *See Stofsky v. Pawling Cent. Sch. Dist.*, 06-CV-10231, 2009 U.S. Dist. LEXIS 25953, at *41 (S.D.N.Y. Mar. 27, 2009) (*quoting Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (emphasis added).

*Id.* However, there is no evidence supporting such an interpretation, and certainly no indication that such a comment, even if made, gave rise to a hostile work environment.

Second, although having not made any mention of such an alleged statement at her deposition, Plaintiff claims that upon informing Mr. Tolbert about her decision to resign, Tolbert said to her, "I want to know who the man was who was convincing you to make these drastic changes." Opp. Br. at 10 (*citing* Pl. Ex. 7 at 42-43). This statement, like that referenced above, in no way suggests an abusive working environment. Certainly, there is no evidence that such a comment impacted Plaintiff's ability to perform her job, as required in order to establish a claim. *Stepheny v. Brooklyn Hebrew Sch. for Special Children*, 356 F. Supp. 2d 248, 265 (E.D.N.Y. 2005) (dismissing claim where plaintiffs "have proffered no evidence that the alleged harassment 'interfered with … [their] job performance, a *sine qua non* of such a claim.'") (*citing Forde v. IBM Corp.*, No. 00 Civ. 6888, 2003 U.S. Dist. LEXIS 2974, at *4 (S.D.N.Y. Mar. 4, 2003)). Indeed, the context in which the remark is alleged to have been made – *i.e.,* after Plaintiff had announced her resignation – undercuts any notion that it impaired her ability to perform her job.[6]

Third, Plaintiff attempts to bootstrap her harassment claim by reference to comments allegedly made to *others* in the Security Department. Opp. Br. at 10-11. These comments, however, were often alleged to have been made by individuals who are *not alleged* to have harassed Plaintiff in this action, or were made outside of Plaintiff's presence. *Id.*; McMurray Dep. 42:24-43:3 (when asked whether there was anyone else present when Tolbert allegedly expressed a preference for hiring males, McMurray responded: "[n]o, he was speaking just to me in his office."). Plaintiff has not shown – and cannot show – that these isolated comments

---

[6] By the same token, had Plaintiff felt so harassed or abused by virtue of these and other comments, allegedly made by Mr. Tolbert, then it defies logic that she would have returned to work in the Security Department during the 2008 All-Star weekend at Mr. Tolbert's request. Smith Tr. 121:21-122:14.

purportedly made to others had an adverse affect on Plaintiff's own job performance, or otherwise created a hostile environment for Plaintiff. *Byrne v. Telesector Res. Group, Inc.*, No. 08-0101-cv, 2009 U.S. App. LEXIS 15493, at *12 (2d Cir. July 14, 2009) ("co-worker incidents, like those experienced by Byrne herself, involve isolated incidents that do not rise to a sufficiently serious level to manifest a work environment 'permeated with discriminatory intimidation.'") (*citing Petrosino*, 385 F.3d at 221); *Kolenovic v. ABM Janitorial N.E., Inc.*, 08 Civ. 067, 2009 U.S. Dist. LEXIS 7798, at *6 (S.D.N.Y. Jan. 8, 2009) (Pauley, J.) (dismissing claim where comments allegedly made by plaintiff's supervisor "were not directed at Plaintiff, and Plaintiff can point to no adverse effect on her job performance as a result of those comments.") (*citing Alfano v. Costello*, 294 F.3d 365, 376 (2d Cir. 2002)).

Finally, Plaintiff's subjective assertion that there existed an "understanding among the women in the security department that they, as a group, received unequal compensation and treatment as compared to their male counterparts" does nothing to advance her hostile work environment claim. *See* Opp. Br. at 11-13; *see also* Opp. Br. at 2 (referring to "an overall atmosphere of discriminatory unequal treatment"), and 7 (describing a "pervasive sentiment by Defendants that women were somehow 'less than men.'"). Indeed, these conclusory assertions are precisely the type of vague allegations that this Court itself has found, as a matter of law, to be insufficient to establish a hostile environment. *Bynog v. SL Green Realty Corp.*, No. 05 Civ. 0305, 2007 U.S. Dist. LEXIS 19110, at *26 (S.D.N.Y. Mar. 20, 2007) (Pauley, J.) ("hostile work environment claim cannot be based on . . . vague . . . allegations.") (collecting cases); *Sackey v. City of N.Y.*, 04 Civ. 2775, 2006 U.S. Dist. LEXIS 5483, at *24 (S.D.N.Y. Feb. 15, 2006) (Pauley, J.) (claims by plaintiff that her supervisor did not value what women had to say, or that she was told by co-workers that her supervisor made derogatory comments towards women were

"insufficient as [a] matter of law to sustain a hostile work environment claim."), *aff'd*, 293 F. App'x 89 (2d Cir. 2008). Moreover, given Plaintiff's testimony that Mr. Tolbert "significantly" increased her pay following his arrival in 2002, and that as of 2007 she did not consider herself to be underpaid, Plaintiff cannot count herself among the employees in the Department who allegedly felt that they received unequal compensation.[7] Smith Tr. 55:24-56:19; 75:24-76:10.[8]

## CONCLUSION

For these reasons, as well as those set forth in Defendant's Moving Brief, the Court should grant this Motion for Summary Judgment and dismiss the complaint in its entirety.

Dated: September 10, 2009
New York, New York

Respectfully Submitted,

PROSKAUER ROSE LLP

By: /s/ Howard L. Ganz
PROSKAUER ROSE LLP
Howard L. Ganz (HG-8644)
Evandro C. Gigante (EG-7402)
1585 Broadway
New York, NY 10036-8299
Telephone: 212.969.3000
Fax: 212.969.2900
E-mail: hganz@proskauer.com
egigante@proskauer.com

*Attorneys For Defendants*

---

[7] In an attempt to rewrite her own deposition testimony, Plaintiff claims in her Opposition to Defendants' 56.1 Statement that she did *not* consider her 10% and 8% pay increases in 2003 and 2004 to be "significant" and that she "never stated that she did not consider herself to be underpaid." Pl. Opp. 56.1 Stmt. ¶¶ 10, 12. In her deposition, however, Plaintiff testified unequivocally that "the first couple of years . . . he [Tolbert] did significantly increase [her] salary" (Smith Tr. 56:11-13), and that in 2007 plaintiff did not consider herself underpaid, but rather characterized her pay after 2004 as being "on the right track." Smith Tr. 75:24-76:10.

[8] As noted in Defendants' Moving Brief, because Plaintiff has not established that the NBA engaged in any unlawful conduct, she cannot maintain her claim that Tolbert aided and abetted any discrimination as a matter of law. *See* Mov. Br. at 24 (citing cases).